IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>       Plaintiff/Appellee,                    )<br>                                                              )<br>       v.                                                   )          No. 05-cr-40050-JPG<br>                                                              )          Appeal of No. 05-MJ-4033-PMF<br>LEE WALKER                                     )<br>                                                              )<br>       Defendant/Appellant.               ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the appeal of defendant/appellant Lee Walker's ("Walker") misdemeanor conviction for violation of 50 C.F.R. § 27.93. This case stemmed from a ticket issued to Walker because his houseboat was docked in the Crab Orchard National Wildlife Refuge in a slip for which he had not paid the rent. Magistrate Judge Philip M. Frazier held a bench trial on the violation on August 19, 2005, found Walker guilty of the offense and ordered him to pay a $500 fine and a $10 special assessment. Walker filed this timely appeal on August 25, 2005. The Court set a briefing schedule and ordered that the briefs be submitted as set forth in Federal Rule of Appellate Procedure 28 as if on appeal before the United States Court of Appeals.

Walker filed his opening brief in December 20, 2005. It is not a model brief, to say the least, and the government asked the Court to dismiss this case on that basis. The Court declined to dismiss the appeal because it was able to decipher a sufficiency of the evidence argument in Walker's brief. It construed the brief to assert that claim, and Walker has not objected to that construction. The government's response brief asks the Court to find Walker's argument waived

1

by his insufficient brief and to reject Walker's sufficiency of the evidence argument.

**I.      Sufficiency of Walker's Opening Brief**

As a preliminary matter, the Court notes that Walker's opening brief is grossly substandard.  It does not follow even the simplest requirements of Federal Rule of Appellate Procedure 28(a).   It does not contain a table of contents with page references as required by Rule 28(a)(2), a jurisdictional statement as required by Rule 28(a)(4), or a summary of the argument as required by Rule 28(a)(8).  The statement of the case, required by Rule 28(a)(6), is inadequate in that it does not include an indication of the course of the proceedings before Magistrate Judge Frazier or his disposition of this case.  The statement of facts, required by Rule 28(a)(7) does not contain appropriate citations to the record for all facts.  For example, page 4 of Walker's brief contains only two citations to the record, one to the transcript in the file and one to an exhibit that Walker neglected to submit with his brief**.**

The table of authorities required by Rule 28(a)(3) is accurate in that it cites no cases, but that leads to a more fundamental problem – that Walker has not cited a single case in support of his appeal or explained how the law applies to his case, which is required by Rule 28(a)(9).  While he may believe the precise situation involved in this case presents "a case of first impression" for which there is no case on point, the applicable standard for appellate review decidedly does not.  Cases setting forth that standard exist, *see, e.g., Jackson v. Virginia*, 443 U.S. 307, 319 (1979);  *United States v. Parra*, 402 F.3d 752, 760 (7th Cir. 2005);  *United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003), and Walker should have cited them and explained how they apply to the evidence in this case.

Walker's reply brief fares no better.  Even after the government noted all of the

2

deficiencies in Walker's opening brief, Walker paid no closer attention to the requirements for his reply brief; he omitted the relatively straightforward requirement (the *only* requirement for reply briefs in Rule 28(c)) that the brief contain a table of contents and table of authorities. Walker does cite two cases in this brief, but he fails to pinpoint a specific location within those 15-page and 5-page cases, respectively, that discusses the propositions for which he cites them.

In light of the gross insufficiency of Walker's briefs, the Court finds that he has waived the arguments he attempts to advance therein. Attorneys have a duty to "examine carefully the law and apply it in a cogent fashion to the facts of the case." *Smith v. Town of Eaton*, 910 F.2d 1469, 1470 (7th Cir. 1990). In doing so, they must support and develop their arguments or they may be deemed to have waived them. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). It is not the Court's job to do counsel's work of organizing or formulating arguments for the parties, *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir 1999); *Smith*, 910 F.2d at 1471; *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990), or to "scour the record in search of evidence" to support those arguments. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). In this case, because Walker's arguments are unsupported by relevant authority or references to the record and are devoid of analysis regarding how the legal principles should be applied to the relevant facts, the Court finds that Walker's arguments are waived and that the judgment in this case should be affirmed.

II.   **Sufficiency of the Evidence**

Alternatively, even if the Court had not found Walker had waived his arguments on appeal, the Court would affirm Magistrate Judge Frazier's judgment on the merits.

Walker challenges the sufficiency of the evidence to find that he violated 50 C.F.R. § 27.93, which states, "Abandoning, discarding, or otherwise leaving any personal property in any national wildlife refuge is prohibited." It is very difficult to prevail on a sufficiency of the evidence argument. When considering such an argument, the Court views the evidence in the light most favorable to the prosecution and will reject the argument if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see United States v. Parra*, 402 F.3d 752, 760 (7th Cir. 2005).

In this case, the evidence viewed in the light most favorable to the government establishes the following facts. Walker moored his boat in a slip at the Crab Orchard National Wildlife Refuge, which is under the jurisdiction of the United States Fish and Wildlife Service ("USFW"), during the winter of 2004-05. He rented and paid for the spot for 2004 but failed to pay the rental fee for 2005 by January 1, 2005, the date full payment was due. The USFW warned Walker on January 10, 2005, that if his boat remained in the slip after January 21, he would be issued a citation. Walker did not remove his boat by January 21 but attempted to contact the USFW personnel about the matter.

Walker attempted to pay the lion's share of the 2005 rent on February 8 with a third-party check, but that payment was rejected by the USFW the following day because the agency does not accept third-party checks. It attempted to send the check back to Walker with a letter dated February 9 stating that the full 2005 rental amount plus amounts past due for electricity service must be paid within 10 days of Walker's receipt of the letter. Walker, however, refused to accept the certified letter and did not remove his boat from the slip.

On February 11, USFW law enforcement officer Adam Rawlinson ("Rawlinson") prepared a violation notice – a citation – and tried unsuccessfully to serve it, along with the February 9 letter containing the rejected third-party check, on Walker.  He was unable to issue the citation to Walker until February 21, when he also delivered the USFW February 9 letter Walker had refused to accept by mail and a copy of the third-party check.  Rawlinson also informed Walker at that time that his boat was at that time considered abandoned.  Walker admitted he was in the wrong and signed the citation indicating he would pay a $250 collateral forfeiture instead of pursuing the citation to trial.  He did not, however, pay the $250 collateral forfeiture.

On March 10, Walker made a partial payment toward the 2005 rental fee that covered the first quarter of the year, and the USFW gave him a later deadline to remove his boat from the marina.  That same month the USFW also told Walker it had arranged for the boat to be removed from the slip and asked Walker to make arrangements with the company to do the work.  Walker never followed up and he did not pay any more money towards the 2005 rental fee or his overdue electric bill before the time of trial.  At the time of trial, the boat remained in the USFW slip.

Magistrate Judge Frazier found, based on these facts, that Walker had abandoned the boat because, as of the date of the citation, he had made no realistic efforts to make his 2005 rental payment and had left the boat for an extended period of time in a slip he had no right to occupy.  Thus, he was in violation of 50 C.F.R. § 27.93.

The Court has reviewed the evidence and has determined that it is sufficient to lead a rational trier of fact to conclude beyond a reasonable doubt that on the date the citation was

issued, February 21, 2005, Walker had left his boat in the Crab Orchard National Wildlife Refuge where he knew he had no occupancy rights and that he had no intention of removing it or paying the rental fee. This constitutes a violation of 50 C.F.R. § 27.93. For this additional and alternative reason, the Court will affirm Walker's conviction.

### III.   Conclusion

For the foregoing reasons, the Court **AFFIRMS** the August 25, 2005, judgment (Doc. 6) entered against Lee Walker in case no. 05-MJ-4033-PMF.

**IT IS SO ORDERED.**
**DATED:  June 22, 2006.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
